**STATE OF WISCONSIN**   **CIRCUIT COURT**   **MILWAUKEE COUNTY**

**CIVIL DIVISION**

| | |
|---|---|
| · JAMES ALLEE, on behalf of himself and all<br>others similarly situated,<br><br><br><br>Plaintiff,<br><br><br>v.<br><br><br>SONY COMPUTER ENTERTAINMENT<br>AMERICA, INC.,<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

HON. JOHN J. DIMOTTO, BR. 41

CIVIL C

Civil Action No. _____

Classification Code: 30303

```
FILED AND
AUTHENTICATED

JUL 2 6 2010

JOHN BARRETT
Clerk of Circuit Court
```

**TO:**   SONY COMPUTER ENTERTAINMENT AMERICA, INC.
919 East Hillsdale Blvd.
Foster City, California  94404

### SUMMONS

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal

action against you. The Complaint, which is attached, states the nature and basis of the legal

action.

Within forty-five (45) days of receiving this Summons, you must respond with a written

Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint.  The

Court may reject or disregard an Answer that does not follow the requirements of the Statutes.

The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North 9th Street, Milwaukee, Wisconsin 53223, and to Plaintiffs' attorney, whose address is Ademi & O'Reilly, LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110.

If you do not provide an answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated this 28th day of July, 2010.

Respectfully Submitted,

ADEMI & O'REILLY, LLP

Guri Ademi (SBN 1021729)
Shpetim Ademi (SBN 1026973)
David J. Syrios (SBN 1045779)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Tel: 866.264.3995
Tel: 414.482.8000
Fax: 414.482.8001

*Attorneys for Plaintiff*

2

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

JAMES ALLEE, on behalf of himself and all
others similarly situated,

        Plaintiff,

v.                                              Case No.:_____
                                                Classification Code: 30100
SONY COMPUTER ENTERTAINMENT
AMERICA, INC.,

        Defendant.

.... AUTHENTICATED

JUL 2 8 2010

JOHN BARRETT
Clerk of Circuit Court

## **COMPLAINT**

Plaintiff James Allee ("Plaintiff"), by and through his attorneys, with personal
knowledge as to his own actions, and upon information and belief as to those of others,
hereby brings this class action complaint on behalf of himself and all others similarly
situated, and alleges as follows:

### **INTRODUCTION**

1.     This class action seeks to redress Sony Computer Entertainment America
Inc.'s ("Sony") intentional disablement of valuable functionalities originally advertised as
available with the Sony Playstation 3 video game console (the "PS3"). This disablement
is not only a breach of the sales contract between Sony and its customers and a breach of
the covenant of good faith and fair dealing, but it is also an unfair and deceptive business
practice perpetrated on millions of unsuspecting consumers.

2.     This suit is brought on behalf of a class of all Wisconsin residents who
purchased a PS3 during the period November 17, 2006 to March 27, 2010, and who did

1

not resell their PS3 before March 27, 2010 (the "Class"). It seeks, *inter alia*, damages for Plaintiff and each class member, including but not limited to compensatory damages; restitution; injunctive relief; attorneys' fees; and the costs of this suit.

## Jurisdiction and Venue

3.      This Court has jurisdiction over this action pursuant to Article 7, section 8 of the Wisconsin Constitution and Section 805.01, Wis. Stats. Plaintiff seeks damages on behalf of himself and all others similarly situated, under the laws of the State of Wisconsin. Jurisdiction over Defendants is proper because the Defendants conduct extensive, regular and continuous business, advertising and solicitation within the State of Wisconsin and Plaintiff is a resident of the State of Wisconsin.

4.      Venue is proper in this Court because (a) many of the class members reside in this county; (b) some of the herein described injuries occurred in this county; (c) some of the acts and transactions described herein occurred within this county; and (d) the Defendant conducted business in this county by advertising, soliciting, selling, marketing, and/or representing its goods and services here.

## Parties

5.      Plaintiff James Allee is a resident of the State of Wisconsin, Waukesha County. Mr. Allee purchased a PS3 in or around October 8, 2008 for $599.00 plus tax.

6.      Defendant Sony is incorporated under the laws of the State of Delaware, with its principal place of business located in Foster City, California.

7.      Defendant Sony does actual business throughout the State of Wisconsin, including through the direct sale of its merchandise in the State.

2

**Facts**

8.     The PS3, which competes with Microsoft's Xbox 360 and Nintendo's Wii as part of the newest generation of video game consoles, was released in the United States with great fanfare on November 17, 2006.

9.     At the time of its launch, the PS3 was the most expensive gaming console available, retailing for $599.00, in part because it is capable of far more than merely playing games at home. With the growing homogenization of consumer technology and increased competition, Sony looked to market the additional features available in the PS3, such as the "Other OS" feature and the inclusion of Blu-ray technology, to distinguish its product from others.

10.     In fact, Sony's marketing and advertising of the PS3 highlighted the major features that distinguish the PS3 from other gaming consoles, including its unified online gaming service, the PlayStation Network, its robust multimedia capabilities, its use of a high-definition optical Blu-ray Disc as its primary storage medium, and the Blu-ray 2.0-compliant Blu-ray player.

11.     An important PS3 feature Sony advertised was the Other OS function, which provides users with the unique ability to install another operating system, such as a Linux operating system, alongside the main PS3 system software.

12.     Until recently, Sony promoted the Other OS feature in its marketing of the PS3. Indeed, Sony stated on its website "playstation.com" that when it designed the PS3, "it was fully intended that you, a PS3 owner, could play games, watch movies, view photos, listen to music, and run a full-featured Linux operating system that transforms your PS3 into a home computer."

3

13.     As part of the PS3 launch in November 2006, Sony Computer
Entertainment President Ken Kutaragi represented to the general public that the Linux
operating system could be used on the PS3, which would allow purchasers to use a PS3
as a home personal computer with a direct connection to the Internet.

14.     In fact, Sony has made numerous public statements touting the Other OS
feature since November 2006.

15.     Sony Computer Entertainment Inc., PS3 Open Platform, 2006-2010: "In
addition to playing games, watching movies, listening to music, and viewing photos, you
can use the PS3™ system to run the Linux operating system. By installing the Linux
operating system, you can use the PS3™ system not only as an entry-level personal
computer with hundreds of familiar applications for home and office use, but also as a
complete development environment for the Cell Broadband Engine™ (Cell/B.E.)."
http://www.playstation.com/ps3-openplatform/index.html.

16.     Sony Computer Entertainment Inc., PS3 Manual, 2006-2010: "Install other
system software on the hard disk. For information on types of compatible system
software and obtaining the installer, visit Open Platform for PlayStation®3."
http://manuals.playstation.net/document/de/ps3/current/settings/osinstall.

17.     Sony Computer Entertainment Inc., PS3 Knowledge Center, 2006-2010:
"The PlayStation 3 provides an option for third-party system software to be installed on
the PS3™ system instead of the system software provided by Sony Computer
Entertainment Inc. Such third-party system software is referred to as an 'Other OS'."
http://us.playstation.com/support/answer/index.htm?a_id=469.

4

18.    Ken Kutaragi, June 2006: "Speaking about the PS3, we never said we will release a game console. It is radically different from the previous PlayStation. It is clearly a computer." http://www.edge-online.com/news/kutaragi-details-ps3-computer-claim.

19.    Phil Harrison, President of Sony Computer Entertainment Worldwide Studios 2005-2008, May 2006: "We believe that the PS3 will be the place where our users play games, watch films, browse the Web, and use other computer functions. The PlayStation 3 is a computer. We do not need the PC."
http://www.gamasutra.com/view/news/9547/Harrison_We_Do_Not_Need_The_PC.php.

20.    Phil Harrison, February 2007: "One of the most powerful things about the PS3 is the 'Install Other OS' option." http://kotaku.com/235049/20-questions-with-phil-harrison-at-dice.

21.    Sony Computer Entertainment Inc., PS3 Linux Distributor's Starter Kit, 2006-2009: "The Linux Distributor's Starter Kit provides information, binary and source codes to Linux Distribution developers who wants to make their distro support PS3." http://www.kernel.org/pub/linux/kernel/people/geoff/cell/ps3-linux-docs/ps3-linux-docs-08.06.09

22.    Izumi Kawanishi, head of Sony's Network System Development Section, May 2006: "Because we have plans for having Linux on board [the PS3], we also recognize Linux programming activities ... Other than game studios tied to official developer licenses, we'd like to see various individuals participate in content creation for the PS3." http://www.gamasutra.com/php-bin/news_index.php?story=9290.

23.    Geoffrey Levand, Principal Software Engineer at Sony Corporation, August 2009: "Please be assured that SCE is committed to continue the support for

5

previously sold models that have the 'Install Other OS' feature and that this feature will not be disabled in future firmware releases." Mailing list to PS3 customers using Linux.

24.     Even when it decided to remove the Other OS functionality from the new Slim PS3, Sony reiterated its commitment to supporting the Other OS function in existing PS3 models. In an interview with arstechnica.com in August, 2009, John Koller, Sony's director of hardware marketing, stated that "[i]f anyone wants to use previous models and change the OS, they can do so."

25.     Plaintiff chose to purchase a PS3, as opposed to an Xbox 360 or a Wii, because it offered not only the Other OS feature, but all of the other unique PS3 features (such as the ability to play Blu-ray discs and access the Playstation Network), despite the fact that the PS3 was substantially more expensive than other gaming consoles.

26.     The "Other OS" function is a valuable feature of the PS3.

27.     When running the Linux software system, the PS3 can serve as a fully functional home computer, loaded with more than 1,000 applications. But instead of having a suite of applications, the computer would offer users a choice of multiple mail servers, word processing programs, spreadsheets, office applications, music and video players, and games.

28.     As a result, the Other OS function was extremely valuable to PS3 purchasers. As Kai Staats, CEO of Terra Soft, a third party that developed Linux applications for the PS3, stated, "[t]he PlayStation 3 places a supercomputer in the home ... Yellow Dog Linux provides a complete Linux OS for the PlayStation 3 resulting in a very powerful computing platform. We are thrilled to be working with RapidMind to make this platform more accessible for professional developers and hobbyists alike ...

6

With our operating system, the Playstation could very easily be your home CD player, DVD player, MP3 player and home computer, as well as a game box. This is not an application-limited appliance. This is a full-blown computer. There is no issue of 'can it do this or that?' It can do everything."

29.    Moreover, the ability to run Linux on the PS3 provides users with an excellent platform to develop applications for the PS3 or as a jumping-off point for deployments to other products, including those from IBM, Sony, or Mercury.

30.    Perhaps more important, the ability to use Linux on a PS3 saves consumers money. Consumers who load a Linux operating system do not need to buy many additional electronic devices or applications.

31.    Before April 1, 2010, Plaintiff extensively utilized the Other OS feature in order to use his PS3 as a computer, including browsing the internet, development of custom websites, Linux programming, using the Blu-ray data drive, and playing Linux-specific games.

32.    On March 28, 2010, Sony announced that it would no longer honor its obligation to support the Other OS feature. On its playstation.com website, Sony announced that it would release software update 3.21 ("Update 3.21"):

> The next system software update for the PlayStation 3 (PS3) system will be released on April 1, 2010 (JST), and will disable the "Install Other OS" feature that was available on the PS3 systems prior to the current slimmer models, launched in September 2009. This feature enabled users to install an operating system, but due to security concerns, Sony Computer Entertainment will remove the functionality through the 3.21 system software update.
>
> In addition, disabling the "Other OS" feature will help ensure that PS3 owners will continue to have access to the broad range of gaming and entertainment content from SCE and its content partners on a more secure system.

7

Consumers and organizations that currently use the "Other OS" feature can choose not to upgrade their PS3 systems, although the following features will no longer be available:

> Ability to sign in to PlayStation Network and use network features that require signing in to PlayStation Network, such as online features of PS3 games and chat

> Playback of PS3 software titles or Blu-ray Disc videos that require PS3 system software version 3.21 or later

> Playback of copyright-protected videos that are stored on a media server (when DTCP-IP is enabled under Settings)

> Use of new features and improvements that are available on PS3 system

33.     Sony did not provide any other notice to its customers that it would disable these other advertised features (the "Other Advertised Features") unless they installed the Update 3.21. In fact, a substantial number of Sony's customers only realized that Sony had unilaterally disabled the Other Advertised Features when they attempted to use those features on or after April 1, 2010.

34.     On information and belief, contrary to Sony's statement, the "security concerns" did not involve a threat to PS3 users, but rather reflected Sony's concerns that the Other OS feature might be used by "hackers" to copy and/or steal gaming and other content. Indeed, it is no coincidence that the release of Update 3.21 came quickly on the heels of an announcement by a hobbyist named Geohot that he was able to use the Other OS feature along with a bit of soldering in a manner that gave him more control over the PS3 hardware than Sony had intended. In addition, Sony's new Slim PS3 does not include the Other OS function, and because it no longer sells the "fat" PS3, Sony has no financial incentive to support the Other OS function. In other words, Sony's decision to force users

8

to disable the Other OS function was based on its own interests and was made at the expense of its customers.

35. PS3 owners are not required to install Update 3.21. Sony, however, has built a vast and sticky web of restrictions that will prevent users from accessing many of the PS3's Other Advertised Features for anyone who declines to install the update. In particular, for users who do not install Update 3.21:

- it will be impossible for users to access the Playstation Network;

- it will be impossible to play PS3 games online;

- it will be impossible to play new PS3 games;

- it will be impossible to watch new Blu-ray videos;

- new Blu-ray discs could disable the Blu-ray drive entirely if they contain an AACS Host Revocation List that affects the old software version; and

- videos on DTCP-IP media servers will be disabled.

36. In short, Sony is effectively downgrading PS3s already sold and in the hands of consumers. When consumers originally purchased the console, the console could play games, play Blu-ray discs, and run Linux. But after April 1, 2010, it became an inferior product.

37. Plaintiff has installed Update 3.21, and is therefore no longer able to use the Other OS function and has lost access to all the data on the Other OS Linux partition.

38. Consumers have made at least one complaint to the Better Business Bureau ("BBB") based on Sony's release of Update 3.21. The BBB reviewed this complaint and forwarded it to Sony for its response. The BBB case number for this complaint is 57168021.

9

39.     Consumers have also made at least one complaint to the Federal Trade

Commission ("FTC") based on Sony's release of Update 3.21. The FTC entered the

complaint into Consumer Sentinel, a secure online database available to thousands of

civil and criminal law enforcement agencies worldwide. The reference number for this

complaint is 26220667.

### Class Action Allegations

40.     Plaintiff brings this lawsuit as a class action on behalf of himself and all

others similarly situated pursuant to Sections 426.110 and 803.08, Wis. Stats. All

requirements of Section 426.110(4), Wis Stats., have been satisfied. This action satisfies

the numerosity, commonality, typicality, adequacy, predominance and superiority

requirements of Section 803.08, Wis. Stats.

41.     The class is defined as:

> All Wisconsin residents who purchased a PS3 during the period November
> 17, 2006 to March 27, 2010, and who did not resell their PS3 before
> March 27, 2010.
>
> Excluded from the Class is Sony; any parent, subsidiary, or affiliate of
> Sony; any entity in which Sony has or had a controlling interest, or which
> Sony otherwise controls or controlled; and any officer, director, employee,
> legal representative, predecessor, successor, or assignee of Sony.

42.     This action is brought as a class action for the following reasons:

a.     The Class consists of thousands of persons, making it

impracticable to bring all interested parties before the Court. The disposition of all of the

Class members' common claims in a single class action proceeding will provide

substantial economies and benefits to all affected parties and to the Court;

10

b. Numerous questions of law and fact are common to the Plaintiffs and the Class. These common questions predominate over any other issues that may affect only individual Class members, and include (but are not limited to) the following:

i. whether Sony violated contractual covenants by issuing Update 3.21 for the purpose of materially impairing Plaintiff's and other Class members' ability to use the PS3 functionalities for which they had paid substantial sums;

ii. whether Sony violated the covenant of good faith and fair dealing applicable to all contracts;

iii. whether Sony unjustly enriched itself by retaining the entire sales price for the PS3 despite having disabled valuable functions for which users initially paid;

iv. whether Sony's conduct violates Section 100.18 Wis. Stats.; and

v. whether members of the Class have sustained damages and/or other compensable losses and, if so, the proper measure thereof;

c. Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including class action litigation involving contracts and state statutes protecting consumers from unfair and deceptive acts. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interests adverse to those of the Class;

d. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

11

i.       Absent a class action, Class members as a practical matter will be unable to obtain redress, Sony's violations of its legal obligations will continue without remedy, and Sony will continue to retain its ill-gotten gains;

ii.       It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

iii.       When the liability of Sony has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv.       A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions; and

v.       The lawsuit presents no difficulties that would impede its management by the Court as a class action;

e.       Sony has acted on grounds generally applicable to Class members, making class-wide relief appropriate; and

f.       The prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Sony and of inconsistent or varying adjudications for all parties.

## COUNT I
## Breach of Contract

43.       Plaintiff repeats and realleges the allegations contained in the Paragraphs 1 through 42 above, as if fully set forth herein.

44.       Plaintiff and other Class members purchased PS3s from Sony with the justified expectation that Sony would honor its promise to support the Other OS function, as well as the Other Advertised Functions, without taking steps to prevent purchasers

12

from using those functions. To obtain the benefit of these functions, Plaintiff and other Class members paid substantial sums.

45.    Plaintiff and the Class members have fulfilled their obligation under the sales contract by paying the PS3 asking price.

46.    Despite the full performance by Plaintiff and other class members, Sony issued Update 3.21, forcing purchasers to either install such firmware and lose the use of the Other OS function, or to forgo the Other Advertised Functions for which they had paid.

47.    By forcing purchasers to either forgo the use of the Other Advertised Functions or install Update 3.21, Sony has materially breached its contract with Plaintiff and other Class members, which has resulted in harm to Plaintiff and other Class members who cannot obtain the benefit of their bargain.

48.    By reason of the foregoing, Sony has breached the parties' contract and is liable to Plaintiff and the other members of the Class.

## COUNT II
### Breach of the Covenant of Good Faith and Fair Dealing

49.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 48 above, as if fully set forth herein.

50.    As a direct and proximate result of Sony's actions as described herein, Plaintiff and the Class have suffered, and continue to suffer, injury in fact and have lost money as a result of Sony's deception.

51.    Plaintiff and other Class members purchased PS3s with the expectation that they would be able to continue to use the Other OS function, as well as the Other Advertised Functions, for as long as they owned their PS3.

13

52. Sony, however, forced purchasers to either forgo the use of the Other Advertised Functions or install Update 3.21, knowing that it was materially impairing the ability of Plaintiff and other Class members to obtain the performance for which they contracted. As such, Plaintiff and other Class members have not obtained the benefit of their bargain from Sony and the essential purpose of the PS3 sales contract has been frustrated.

53. By reason of the foregoing, Sony has breached the covenant of good faith and fair dealing and is liable to Plaintiff and the other members of the Class.

## COUNT III
### Fraudulent Representations and Deceptive
### Trade Practices in Violation of § 100.18(1), Wis. Stats.

54. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 53 above, as if fully set forth herein.

55. Sony widely disseminated advertisements to the effect that the Other OS feature, as well as other PS3 features, would be available and supported by Sony. Sony has failed to do so, however, and Plaintiff and the Class have thereby been deprived of the benefit of their bargain. Sony's conduct thus violated § 100.18, Wis. Stats..

56. Through advertisements and marketing representations, Sony intended to and did misrepresent to Plaintiff and the Class, prior to the time of retail purchase, at the time of retail purchase, and at all other relevant times, that Sony would continue to support the Other OS feature on PS3s.

57. After and due to seeing Sony's advertisements and marketing representations, Plaintiff reasonably believed, and Plaintiff and the Class were reasonably likely to believe, that Sony would continue to support the Other OS feature on PS3s.

14

58.     Sony intended that Plaintiff and the Class rely upon Sony's false, deceptive and misleading representations that it would continue to support the Other OS feature on PS3s.

59.     Plaintiff would not have purchased a PS3 altogether, or would have paid less for this product, had he known that Sony would cease to support the Other OS feature on PS3s and would make Plaintiff and the Class choose between features, all of which Plaintiff and the Class had purchased.

60.     Sony's advertisements concerning the PS3 were false, deceptive and/or fraudulent, and induced Plaintiff and the other members of the Class to make purchases they would not have made otherwise if they had been in possession of all of the material facts.

61.     Plaintiff and other Class members lost money by purchasing a PS3 without receiving the benefit of their bargain, because the product is not what it was claimed to be—a game console that would provide both the Other OS feature and the Other Advertised Features. As a result of Sony's deceptive conduct and practices, Plaintiff and the Class suffered pecuniary loss in an amount not less than the purchase price of the PS3 or a portion thereof, plus interest.

## COUNT IV
**Breach of Express Warranty under § 402.313, Wis. Stats.**

62.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 61 above, as if fully set forth herein.

63.     Plaintiff and the Class are buyers of goods as defined by the Uniform Commercial Code ("UCC"), and §§ 402.103 & 402.105, Wis. Stats.

15

64.     Sony's representations to Plaintiff and the Class, including, *inter alia*, the existence and functionality of the Other OS feature of the PS3, are express warranties that convey that the Other OS feature would be continually supported and would not be arbitrarily and permanently disabled by Sony.  § 402.313(1)(a), (b), Wis. Stats.

65.     The aforesaid affirmations of fact and promises were part of the basis of the bargain between Plaintiff and the Class and Sony when Plaintiff and the Class purchased Sony's PS3s at retail.

66.     Sony breached the aforementioned express warranty with Plaintiff and the Class by permanently disabling the Other OS function.

67.     As an actual and proximate result of Sony's breach of express warranties with Plaintiff and the Class, Plaintiff and the Class were damaged in an amount not less than the purchase price of Sony's PS3 or a portion thereof, plus interest.

## COUNT V
### Punitive Damages Under § 895.043, Wis. Stats.

68.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 67 above, as if fully set forth herein.

69.     Section 895.043(3), Wis. Stats. provides for an award of punitive damages in cases in which the defendant acts maliciously towards the plaintiff, or acts in intentional disregard of the rights of the plaintiff.

70.     Sony's false, deceptive, and/or misleading labeling, identification, marketing, representations, and general trade and business practices concerning the Other OS feature of its PS3 constitutes malicious actions towards the Plaintiff and Class, and an intentional disregard of their rights.

71.     Sony has violated § 895.043, Wis. Stats.

16

## COUNT VI
## Unjust Enrichment

72.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 71 above, as if fully set forth herein, and pleads this count in the alternative.

73.    Plaintiff and the Class have conferred benefits on Sony by paying value for the Other OS function, as well as the Other Advertised Functions, that they reasonably expected Sony to support for the life of the PS3s they purchased.

74.    Sony knowingly and willingly accepted monetary benefits from Plaintiff and the Class, but Sony did not honor its obligations. Rather, Sony benefited from the sales of PS3s with the Other OS function, and then forced purchasers to either disable or forgo other important PS3 functions.

75.    Under the circumstances described herein, it is inequitable for Sony to retain the full monetary benefit at the expense of Plaintiff and the Class.

76.    By engaging in the conduct described above, Sony has been unjustly enriched at the expense of Plaintiff and the Class, and is required, in equity and good conscience, to compensate Plaintiff and the Class for harm suffered as a result of its actions.

77.    As a direct and proximate result of Sony's unjust enrichment, Plaintiff and the Class have suffered injury and are entitled to reimbursement, restitution, and disgorgement by Sony of the benefit conferred by Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Sony as follows:

17

A.     Certifying the proposed Wisconsin Class under Sections 426.110 and 803.08, Wis. Stats., and appointing Plaintiff and Plaintiff's counsel of record to represent the Class;

B.     Find that Sony violated § 100.18, Wis. Stats., committed breach of contract, breach of express warranty, breach of the covenant of good faith and fair dealing, and that Sony was unjustly enriched as alleged herein;

C.     Awarding actual, compensatory, and consequential damages;

D.     Awarding restitution of monies or portions thereof that Plaintiff and the Class paid at retail for Sony's PS3, and disgorgement of profits Sony received from its sale of PS3s to Plaintiff and the Class, as provided under applicable law;

E.     Awarding punitive damages as provided under applicable law;

F.     Awarding reasonable attorneys' fees, costs, and expenses; and

G.     Granting any such other relief as it deems appropriate.

Dated: July 28, 2010

ADEMI & O'REILLY, LLP

By:_____
Guri Ademi (SBN 1021729)
Shpetim Ademi (SBN 1026973)
David J. Syrios (SBN 1045779)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
gademi@ademilaw.com
sademi@ademilaw.com
dsyrios@ademilaw.com
jblythin@ademilaw.com

18

Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One North LaSalle Street
Suite 4600
Chicago, IL 60602
(312) 621-2000
**Of Counsel:**

Lance A. Harke
Howard Bushman
**HARKE CLASBY & BUSHMAN**
9699 NE Second Avenue
Miami, FL 33138
Phone: 305-536-8220
Fax: 305-536-8229

19